**INTERNATIONAL UNION, UNITED MINE WORKERS OF AMERICA, Plaintiff,**

**v.**

**Lynn M. MARTIN, et al., Defendants.**

**Civ. A. No. 91–0498.**

United States District Court, District of Columbia.

March 2, 1992.

---

Edgar N. James, John A. Edmond, Robert H. Stropp, Jr., Mary Lu Jordan, Washington, D.C., for plaintiff.

Jeffrey Sprung, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM

GESELL, District Judge.

Plaintiff, a union that represents mine workers, challenges a decision of the Mine Safety and Health Administration ("MSHA") to exclude union representatives from certain interviews conducted during an investigation by MSHA of a mine explosion. The issues are before the Court on cross-motions for summary judgment that have been fully briefed. There are no material facts in dispute.

## Background

On February 27, 1991, an explosion occurred at the Golden Eagle Mine near Weston, Colorado, in which eleven miners were injured. Shortly afterward, MSHA initiated an investigation into the explosion. During the course of its investigation, MSHA conducted an underground inspection at the mine with union and company representatives present, and later, without noticing a formal hearing, interviewed management and union members at a Holiday Inn in the nearby town of Trinidad, Colorado. Most of the witnesses interviewed at the Holiday Inn appeared without subpoena and were sworn; testimony was recorded and transcribed by a court reporter; and individuals interviewed were allowed to bring with them a representative of their choice. The interviews, which were conducted by federal and state officials, were private. Union and company officials who were not there representing a witness were excluded. When certain union witnesses whom MSHA had requested to attend declined to be interviewed in this fashion, MSHA subpoenaed their testimony and they chose to appear and testify at the informal interviews.

On previous occasions, MSHA had almost always allowed plaintiff's officials to participate in post-accident investigation interviews. Indeed, plaintiff union asserts that when Congress enacted the statute, it contemplated full union participation at all stages of such investigations. The union seeks declaratory and injunctive relief requiring MSHA to afford the union access to and participation in this type of MSHA investigative proceeding. Defendants contend that interviews such as those involved in this case may be held in whatever manner MSHA desires and that no statutory provision prohibits the practice attacked by plaintiff.

## Discussion

The Federal Mine Safety Act, 30 U.S.C. § 813, requires the Secretary of Labor to

investigate mine accidents. *See* 30 U.S.C. § 813(a). The statute, however, does not require the Secretary to follow any particular procedure in making her investigations. It simply provides:

> For the purpose of making any investigation of any accident or other occurrence relating to health or safety in a coal or other mine, the Secretary *may*, after notice, hold public hearings, and may sign and issue subpoenas for the attendance and testimony of witnesses and the production of relevant papers, books, and documents, and administer oaths.

30 U.S.C. § 813(b) (emphasis added). As part of such investigations, the statute contemplates that the Secretary will generally make actual physical inspections of the mine; and it provides that, when doing so, the Secretary must allow union representatives to be present:

> Subject to regulations issued by the Secretary, a representative of the operator and a representative authorized by his miners shall be given an opportunity to accompany the Secretary or his authorized representative during the physical inspection of any coal or other mine made pursuant to the provisions of subsection (a) of this section, for the purpose of aiding such inspection and to participate in pre- or post-inspection conferences held at the mine.

30 U.S.C. § 813(f).

■ It is clear from the statute that Congress intended for the union representatives to have a role in helping the Secretary assure that mines are operated in a safe manner. Indeed, MSHA has recognized over the years the value of having union representatives participate in investigations. However, nothing in the statute requires union participation in interviews—like those at issue in this case—which are not conducted pursuant to formal hearings or as an integral part of an immediate physical inspection of the mine.

■ The statute gives the agency the discretion to conduct formal, public hearings as part of its investigations. *See* 30 U.S.C. § 813(b). But nothing in the statute requires that investigations outside the mine be conducted solely as public hearings. Nor does the statute provide that any particular type of interview outside the mine pursuant to an investigation triggers a requirement that a public hearing be convened. The mere fact that statements taken during an interview are transcribed does not convert an interview, at which attendance is limited to a few government officials, into a public hearing.[1] By the terms of the statute, an interview becomes a public hearing when the agency opens it to the public.[2] Here, the agency did not open the interview to the public, because it determined that the hearing would be more effectively conducted in private. The Court finds nothing in the statute to invalidate that determination or practice.

■ Union and company representatives are given special access to the Secretary's investigations in certain circumstances, specifically, when the Secretary or her representative is physically inspecting the mine. There is no contention before the Court that plaintiff was barred from the physical inspection of the mine or the discussions "at the mine," as is required explicitly by the statute. 30 U.S.C.

---

1. The statute provides that subpoenas may be issued to compel testimony or production of documents, but "only in connection with public hearings." *United States v. Blue Diamond Coal Co.,* 667 F.2d 510, 519 n. 10 (6th Cir.1981), *cert. denied,* 456 U.S. 1007, 102 S.Ct. 2298, 73 L.Ed.2d 1302 (1982); 30 U.S.C. § 813(b). The validity of the subpoenas issued by MSHA in the current case is not before the Court; nor is it alleged in the papers that the union members ever refused to comply with the subpoenas. If, as it seems, the union members did comply with possibly invalid or improperly issued subpoenas, that does not convert the interview pursuant to which the subpoenas were issued into a public hearing.

2. The Court does not need to decide what number of people or what particular organizations' representatives, if allowed to attend, would make the hearing public.

§ 813(f). The interviews at issue took place later at some distance from the mine, in a different town. Whether that other town was close enough to be considered "at the mine" is a potential source of some debate, and the Court declines to define "at" for purposes of the statute in terms of any specific number of feet or miles.[3] It is enough that, in this case, the interviews at the mine were attended by union representatives and the interviews in dispute, the ones at the Holiday Inn, were not in, or even in the immediate proximity of, the mine. The statute imposes no clear limitations beyond that, and thus the agency had discretion to determine whether or not it wanted to admit union and company officials to the interviews at the Holiday Inn. Moreover, the reasons MSHA gave for excluding the officials were not so unreasonable that, even if it had been the practice of MSHA in the past to admit such officials to investigation interviews removed from the mine, the Court must find its decision to do so in the present case arbitrary or capricious. The agency is in a far better position than the Court to know whether or not the effectiveness of its investigations has been hampered by the presence of union and company officials at certain types of interviews.

Although the Court cannot find that the interviews in this particular case were covered by the statute's requirement that union and company officials be allowed to attend certain aspects of an investigation, this decision is limited to the situation presented.[4] As was pointed out above, the statute clearly contemplates extensive participation of union and company officials in the process established to assure mine safety. The presence of union officials can be the only check on the findings of the agency, which itself might share in the responsibility for the accident under investigation; by the time an inadequate or incomplete report issues and is reviewed by the union, it may be too late to remedy. A process that allows a representative of the miners to be present, when the miners are the inevitable victims of the accidents, seems inherently better and more in keeping with the spirit, if not the explicit terms, of the statute. Barring the miners' representative will only create the impression that there is something to hide.

An appropriate Order accompanies this Memorandum.

## ORDER

For the reasons stated in the accompanying Memorandum, it is hereby

ORDERED that plaintiff's motion for summary judgment is denied; and it is further

ORDERED that defendant's motion for summary judgment is granted; and it is further

ORDERED that the complaint is dismissed.

---

3. The question as to whether the interviews in this particular case were subject to the statute's "at the mine" requirement is effectively moot, since the interviews are long since concluded. In that sense, the Court's decision will have effect only with regard to future investigations, when the same issues presented here will certainly arise again, but—as also happened in this case—will become moot before a court can rule on their validity.

4. The Court is not deciding, for example, what the effect would be if, after a physical inspection of a mine, the agency inspectors, intending to avoid the strictures of the statute's "at the mine" requirement, simply stepped a few feet off of mine property before conducting a private interview. There is no evidence here of a deliberate attempt on the part of MSHA to evade the requirements of the statute.